```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


BOBBIE JONES, INDIVIDUALLY AND ON
BEHALF OF THE ESTATE AND WRONGFUL
DEATH BENEFICIARIES OF JESSE JAMES PARKS,
DECEASED                                                PLAINTIFF


VS.                              CIVIL ACTION NO. 3:05CV679TSL-JCS


LEXINGTON MANOR NURSING CENTER,
L.L.C., LEXINGTON INSURANCE
COMPANY, AND JOHN DOES 1-20                             DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on cross-motions for summary judgment filed by plaintiff Bobbie Jones, individually and on behalf of the estate and wrongful death beneficiaries of Jesse James Parks, deceased, and defendant Lexington Insurance Company for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Each party has responded to the motion of the other, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiff's motion should be granted and defendant's motion should be denied.

This case involves the question whether claims asserted in a lawsuit filed against Lexington Manor Nursing Home are covered under a certain policy of liability insurance issued by Lexington

Insurance Company to Lexington Manor.  The material facts are undisputed.

Lexington Insurance Company issued a liability policy to Lexington Manor with a policy period of October 30, 2001 to October 30, 2002.  The policy is a "claims made" policy, which states, in pertinent part, as follows:

> HEALTHCARE PROFESSIONAL LIABILITY CLAIMS MADE COVERAGE PART FOR LONG TERM CARE FACILITIES
>
> . . .
> **This coverage part provides claims made coverage only. Coverage is limited to liability for claims first made against an Insured during the policy period or any extended reporting period, if applicable.**  . . .

Section 1, **INSURING AGREEMENT**, states:

> We will pay those amounts . . . as damages resulting from a medical incident arising out of professional services provided by any insured.  The medical incident must take place on or after the retroactive date and before the end of the policy period.  A claim for a medical incident must be first made against an insured during the policy period or the extended reporting period, if applicable.
>
> **VI.  CONDITIONS**
> In addition to the GENERAL POLICY PROVISIONS AND CONDITIONS – Section III. CONDITIONS APPLICABLE TO ALL COVERAGE PARTS, the following Conditions apply to this Coverage Part:
> A.  Duties in the Event Of A Claim, Suit, or Medical Incident
> 1.  If during the policy period, the First Named Insured shall become aware of any medical incident which may reasonably be expected to give rise to a claim being made against any Insured, the First Named Insured must notify us in writing as soon as practicable. To the extent possible, notice should include:
> a. How, when, and where the medical incident took place;
> b. The names and addresses of any injured persons and

```
           witnesses; and
     c. The nature and location of any injury or damage arising
     out of the medical incident.
     Any claim arising out of such medical incident which is
     subsequently made against any Insured and reported to
     us, shall be considered first made at the time such
     notice was given to us.
     . . .
     D.   Automatic Extended Reporting Period
     1.   If this Coverage Part is canceled or not renewed
          for any reason other than nonpayment of premium,
          and if the Optional Extended Reporting Period is
          not purchased, then we will provide an automatic
          extended reporting period of sixty (60) days,
          starting with the end of the policy period, during
          which claims arising out of medical incidents which
          take place on or after the retroactive date but
          before the end of the policy period may be first
          made.
     2.   The automatic extended reporting period does not
     extend the policy period or change the scope of coverage
     provided.  We will consider any claim first made during
     the automatic extended reporting period to have been
     made on the last day of the policy period.
```

On December 27, 2002, two days prior to expiration of the extended reporting period, plaintiff filed suit against Lexington Manor in Circuit Court of Holmes County, Mississippi, for the alleged wrongful death of Jesse James Parks. Plaintiff alleged that while a resident of Lexington Manor, Parks had developed decubitus ulcers, became dehydrated and was hospitalized, following which he died on September 1, 2002 due to complications from severe dehydration.

Lexington Manor was served with the complaint and summons on April 17, 2003, following which it notified Lexington Insurance of the suit on May 9, 2003. Upon receiving notice of the suit, Lexington Insurance promptly informed Lexington Manor that

coverage was denied because the claim was made after expiration of the policy and extended reporting period.  Lexington Manor assigned to plaintiff its potential cause of action against Lexington Insurance for denial of coverage in the underlying action, following which plaintiff filed a second amended complaint on September 15, 2005 adding Lexington Insurance as a defendant, and seeking a declaratory judgment that Lexington Insurance wrongly denied coverage and had a duty to defend and indemnify in connection with the underlying action.  The case was removed to this court, where the parties filed their present cross-motions for summary judgment.

In her motion, plaintiff maintains that she is entitled to summary judgment because her suit constituted a "claim[] first made against an insured during the policy period or any extended reporting period."  Defendant, on the other hand, argues that there was no claim made during the policy period or extended reporting period because no notice of plaintiff's claim was given to the insurer during the policy period or extended reporting period, and that there is consequently no coverage for plaintiff's

claim.[1] In the court's opinion, defendant's position is not supported by the policy.

The policy at issue describes itself as a "claims made" policy. According to defendant, in the insurance vernacular, this refers to a policy which covers claims against an insured which are reported to the insurer during the policy period. See Culver v. Continental Ins. Co., 11 Fed. Appx. 42, 44, 1999 WL 503527, 1 (4th Cir. 1999). However, the only true mark of a "claims made" is that it provides coverage for any claim first asserted against the insured during the policy period, regardless of when the incident giving rise to the claim occurred. Whether reporting to the insurer as also a condition of coverage depends on the terms of the specific policy.

In this regard, there is a distinction between a "claims made" policy and a "claims made and reported" policy: "Whereas the former requires only that a claim be made within the policy period, the latter also requires that the claim be reported to the insurance company within the policy period." Chicago Ins. Co. v. Western World Ins. Co., 1998 WL 51363, *3 (N.D. Tex. 1998). See also Pension Trust Fund for Operating Engineers v. Federal Ins.

---

[1] Lexington Insurance does not deny that plaintiff's complaint alleges that her decedent's death was a "medical incident" resulting from and arising out of "professional services" rendered by Lexington Manor. Its only basis for denying coverage is its contention that this claim was not reported to it during the policy/extended reporting period.

Co., 307 F.3d 944, 956 (9th Cir. 2002) ("It is reasonable to conclude that a claims-made-and-reported policy differs from a general claims-made policy containing no requirement that the claim be reported within the policy period;" in the latter, "notice is 'an element of coverage'"); Doctors' Co. v. Insurance Corp. of America, 864 P.2d 1018, 1025 (Wyo. 1993 (policy which provided that claim was made when insured received notice of claim made the policy a "claims made" policy as distinguished from a "claims made and reported" policy). In Textron, Inc. v. Liberty Mutual Insurance Co., 639 A.2d 1358, 1362 n.2 (R.I. 1994), the court noted that "[m]any courts fail to distinguish between claims-made and claims-made-and-reported policies, and simply speak in broad terms of 'claims-made' policies," when, in fact, there is a distinction between the two:  The "claims made and reported" policy is a variation of the "claims made" policy, which "'covers only claims first made during the policy period but also imposes the condition that, to be entitled to coverage, the insured must also report the claim to the insurer within the policy period, or within a specified time after learning of the claim (often prescribed to be 30, 60 or 90 days).'" Id. (quoting 2 Rowland Long, The Law of Liability Insurance, § 12A.05[3A] at 40 (Supp. 1991)).  "Absent a provision requiring notice within a set period after policy expiration, standard claims-made policies 'implicitly allow * * * reporting of the claim to the insurer

6

after the policy period, as long as it is within a reasonable time.'" Id. (quoting Long, § 12A.05[3A] at 40).

In the case at bar, the policy at issue is a "claims made" policy; however, it is not a claims made and reported policy, for the terms of this policy do not require "reporting" to the insurer (or for that matter, to the insured), during the policy period or extended reporting period as a condition of coverage. Notwithstanding defendant's argument to the contrary, nowhere does the subject policy state or imply that a "claim" is "made" only when the claim is reported to the insurer.

The "Insuring Agreement" recites that the insurer will pay damages resulting from a medical incident arising out of professional services provided by an insured during the policy period, provided that a claim for such a medical incident is "first made against an insured during the policy period or the extended reporting period, if applicable."  This provision does not condition coverage on notification to the insurer during the policy period or extended reporting period.

The only provision of the policy addressing notice to the insurer is contained in Section VI, the section upon which Lexington Insurance Company grounds its position.  In the court's opinion, however, this provision does not support the weight of the carrier's reliance.  This section states that if, during the policy period, the insured becomes aware of a medical incident

7

which may reasonably be expected to give rise to a claim being made against it, the insured must notify the carrier of the incident as soon as practicable; then, if a claim "arising out of such medical incident . . . is subsequently made against [the insured] and reported to [the insurer]," that claim will be considered to have been "first made at the time such notice was given to [the insurer]."  Contrary to Lexington Manor's assertion, this section does <u>not</u> state, nor does it imply, that any and all claims under the policy will only be considered "made" at the time notice of the claim is given to the carrier.  Its range of operation is obviously limited to a particular circumstance as it states only that a claim made against the insured after the policy/extended reporting period will be considered to have been made during the policy period if the insured gave the insurer notice during the policy period of the potential for such claim. It bears repeating that this provision cannot reasonably be interpreted to mean that a claim is "made" only when the insurer is notified of the claim.

The question, then, is not whether a claim was made <u>and reported</u> to Lexington Mutual within the policy/extended reporting period, but rather whether a claim was made against the insured. Unlike most claims made policies, this policy does not define the term "claim," nor does it specify when a claim is "made."  Claims made policies often provide that a claim is first made against an

8

insured when the insured is notified of the claim.  See, e.g., Doctors' Co. v. Insurance Corp. of America, 864 P.2d at 1025 (where policy provided that "[a] claim will be considered as being first made when you receive notice of such demand," court opined that policy required "actual receipt of a demand for money, services or property in the form of service of process, a letter, or possibly an oral declaration").  This policy, however, does not, and in the court's opinion, in the absence of such a requirement, a suit filed against the insured during the extended reporting period would qualify as a claim made against the insured.[2]

Defendant's only basis for denying coverage was the lack of notice to it of plaintiff's lawsuit against its insured during the policy period.  Given that the court has concluded that notice to the carrier during the policy/extended reporting period was not a

---

[2]  Defendant objects that the interpretation advanced by plaintiff (and which the court accepts) is not a reasonable interpretation because it has the effect of turning what the parties intended as a claims made policy into an occurrence policy; but that is not the case.  A claim here was made during the policy's extended reporting period, and hence a claim was made against the insured within the policy's coverage period.  Had the suit been filed three days later, then even though the medical incident giving rise to plaintiff's claim occurred during the policy period, there would be no coverage.  The court does not conclude that a claim need not be made during the policy period; the policy clearly imposes such a requirement as a condition of coverage.  Rather the court simply holds that this policy does not define the making of a claim as requiring (and hence does not condition coverage on) notice to the insurer or insured during the policy/extended reporting period.

condition of coverage, the court concludes that defendant's motion for summary judgment should be denied and that plaintiff's cross-motion for summary judgment should be granted.

    A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED this 7th day of December, 2006.

                                    /s/Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE